The Employment Law Firm
Cynthia L. Pollick, LLM                                             Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY BRANNING | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| -v- | : | |
| | : | JURY TRIAL DEMANDED |
| WAYNE COUNTY, VICKY J. BOTJER, | : | |
| Individually and in her Official | : | |
| Capacity, and SKIP MARTIN, | : | |
| Individually and in his Official | : | |
| Capacity | : | |
| | : | |
| Defendants | : | NO. |

## COMPLAINT

NOW comes the Plaintiff, TROY BRANNING, by his attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

1.      Plaintiff, TROY BRANNING, is competent adult individual who resides in Wayne County, Pennsylvania.

2.      Defendant, WAYNE COUNTY, is a governmental entity with a principal office at 925 Court Street, Honesdale, PA 18431.

3.     Defendant, VICKY J. BOTJER, is Chief Clerk for Defendant WAYNE COUNTY, and has a principal office is located at 925 Court Street, Honesdale, PA 18431.

4.     Defendant, SKIP MARTIN, is the Director of Maintenance for Defendant WAYNE COUNTY, and has a principal office is located at 925 Court Street, Honesdale, PA 18431.

5.     At all times hereto, Defendants BOTJER and MARTIN, were official policymakers and made official decisions.

6.     At all times material hereto, Defendant BOTJER and MARTIN, were servants, agents, and/or employees of Defendant WAYNE COUNTY, and were acting under color of state law when they engaged in official policy, custom, and decisions to violate Plaintiff's First Amendment rights of Free Speech and Petition.

7.     Defendant, WAYNE COUNTY, failed to train its officials and personnel not to retaliate against a citizen who engaged in free speech and petition.

8.     Defendant, WAYNE COUNTY, has a policy that states, "No employee, male or female, is expected to endure insulting, degrading, or exploitative harassment by other employee or non-employees in the workplace.  Harassment of any type is therefore prohibited by the County,

2

and, as such, its occurrence will not be tolerated.".  Yet WAYNE COUNTY has failed to enforce this policy or train personnel on the same.

9.     Defendant, WAYNE COUNTY, has acquiesced in all retaliatory actions taken by its public officials and personnel since it has knowledge of the same, but has refused to remedy the situation.

**JURSIDICTION**

10.    This suit is brought and jurisdiction lies based on a federal question.  28 U.S.C. § 1331. This suit is brought pursuant to the 42 U.S.C. § 1983 for constitutional violations of Plaintiffs rights pursuant to the First and Fourteenth Amendments. Plaintiff also asserts state claims for which there is supplemental jurisdiction. 28 USCS § 1367.

**COUNT I**
**FIRST AMENDMENT RETALIATION**
**PLAINTIFF V. DEFENDANTS**

11.    Paragraphs 1-10 above are incorporated herein by reference as if fully set forth herein at length.

12.    Plaintiff, TROY BRANNING, has worked for Defendant WAYNE COUNTY for a total of 14 years.

13.    On or about July 3, 2015, Plaintiff was slapped in the face by Defendant VICKY BOTJER, for no reason.  This act was witnessed by others.

14.    On a prior occasion, in or around 2011, Defendant BOTJER attempted to assault Plaintiff, which he reported to the County Commissioners.

15.    Prior to July 2, 2015, Defendant WAYNE COUNTY knew or should have known that VICKY BOTJER had a propensity to engage in harassing behavior and physical altercations.

16.    On or about July 8, 2015, Plaintiff reported the physical assault to the local police.

17.    "The reporting of a crime to police officers 'constitutes an exercise of the First Amendment right to petition the government for the redress of grievances.' … When a crime victim reports that crime to a police officer, … he is engaging in constitutionally protected activity." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541 (S.D. Ind. 2011).

18.    Plaintiff also disclosed the official misconduct and abuse of power of Defendant BOTJER to the County Commissioners.

19.    Ever since reporting the official misconduct, abuse of power and criminal behavior, Plaintiff has been subjected to a campaign of harassment in retaliation for engaging in free speech and petition.

20.    Defendant BOTJER is very close friends with Defendant MARTIN.

21.    Beginning on or about July 13, 2015, Defendant MARTIN started watching Plaintiff yet prior to that date he had never engaged in such conduct. In fact, Defendant MARTIN would even peek through the blinds to watch Plaintiff. This watching and surveillance was attested to by several employees.

22.    This surveillance has consistently continued to the present day; and done solely in retaliation for having blown the whistle on BOTJER's criminal and official misconduct.

23.    On that same day, Plaintiff was ordered to paint a gas line in 95 degree weather, which he had never been ordered to do so before.

24.    On July 14, 2015, Plaintiff was ordered to paint the gas line in the pouring rain, which he had never been ordered to do so before. Defendant Martin was watching Plaintiff throughout the time.

25.    On or about July 15, 2015, Plaintiff was threatened that he could be fired.

26.    On or about July 17, 2015, Defendant MARTIN stalked and checked on Plaintiff six (6) times yet in the past MARTIN has never engaged in that type of behavior.

27.    In addition to following Plaintiff, Defendant MARTIN has ignored Plaintiff's request for assistance on or about July 20, 2015.

28.    Defendant MARTIN also has intentionally tried to thwart Plaintiff's efforts to complete his tasks, such as failing to provide paint upon request. In contrast, another employee, who did not engage in free speech and petition, was provided materials.

29.    Additionally, prior to engaging in free speech and petition, Plaintiff was always allowed to purchase work supplies. Only after engaging in protected activities, did Defendant MARTIN remove that job requirement, which prevents Plaintiff from completing tasks since he is now reliant on others for supplies to complete work tasks.

30.    Instead of doing Plaintiff's usual task duties of heating, plumbing, air conditioning and electric problems, Plaintiff has been relinquished to painting piping and doing other tasks that he never had to do, such as moving furniture that was infested with bed bugs when normally another personnel would handle that task.  This has been done in retaliation for having blown the whistle on Defendant BOTJER's wrongdoing.

31.    Also, Plaintiff has been removed from performing electrical work on the Storebridge project; and in turn, Defendant BOTJER's husband has been performing the work.

32.    Moreover, Plaintiff has be assigned to paint pipes in the pouring rain, yet before engaging in free speech he never was required to do the same.

33.     Defendants have removed tools from Plaintiff's possession, so that he is not able to complete his tasks.

34.     Additionally, often another employee is assigned to help Plaintiff complete certain duties, now after speaking out about Defendant BOTJER's official misconduct/crime; Plaintiff must complete these duties by himself.

35.     Defendant MARTIN has yelled and complained about Plaintiff's work after it became known that Plaintiff reported Defendant BOTJER's official misconduct/crime.  Yet before speaking out, Defendant MARTIN did not engage in such constant criticism of his work duties.

36.     On or about September 2, 2015, Plaintiff notified Defendant WAYNE COUNTY about the on-going, consistent harassment by Defendant MARTIN to no avail.  Instead of remedying the situation, Defendant MARTIN has been allowed to continue his harassment and disparate treatment.

37.     On or about September 8, 2015, Plaintiff was directed to place installation in the attic while it was over 100 degrees and Plaintiff never had to complete a task of such nature prior to blowing the whistle and in his past 14 years of service.

38.     Defendant MARTIN also refused to provide Plaintiff with help in direct retaliation for having reported BOTJER's misconduct.

39.    Defendant MARTIN has continued his harassment to such an extent it is occurring off the job.  Defendant MARTIN is stalked Plaintiff's wife on Facebook and her friends. Defendant MARTIN tried to "friend" Plaintiff's wife and her friends to obtain information about Plaintiff's wife solely to harass Plaintiff.

40.    Defendants have instructed Plaintiff's co-workers and others not to speak to him.

41.    BOTJER's official misconduct is a matter of public concern since the local media picked up the story about the BOTJER's attack. *Holder v. City of Allentown*, 987 F. 2d 188, 198 (3d Cir. 1993).

42.    Plaintiff has spoken to the news media about being assaulted. See Wayne Independent articles dated 7/21/2015 and 8/10/2015.

43.    Defendants were aware of Plaintiff's protected activities and retaliated against him causing him mental anxiety, stress and sleeplessness and a continued campaign of harassment for having exercised his constitutional rights.

44.    "A First Amendment retaliation claim will lie for any individual act which meets this 'deterrence threshold,' and that threshold is very low." *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006).  "Any action that is likely to deter the exercise of free speech is . . . actionable."  *Spiegla v. Hull*, 371 F.3d 928, 941 (7th Cir.2004).

**WHEREFORE**, Plaintiffs seek all remedies available pursuant to U.S.C. § 1983, including but not limited to an injunction ceasing harassing/retaliatory conduct, compensatory damages, punitive damages against Individual Defendants only, attorney fees and costs, pre- and post- interest, delay damages and emotional distress, and any other relief that a jury finds fit.

<u>COUNT II</u>
**INADEQUATE SUPERVISION/HIRING/SCREENING/TRAINING**
**PLAINTIFFS V. DEFENDANTS**

45.     Paragraphs 1-44 above are incorporated herein by reference as if fully set forth herein at length.

46.     Defendants knew or should have known about BOTJER's propensities since Plaintiff alerted them to the same on a prior occasion.

47.     Defendants never should have retained Defendant BOTJER since she has a propensity to abuse her power and engage in physical altercations with employees and others.

48.     Defendants and their agents knew about BOTJER's behavior since Plaintiff reported the conduct in 2011 to the County Commissioners; additionally, it is well know that BOTJER engages in this type of behavior.

49.     Defendant WAYNE COUNTY did not investigation the complaints made by Plaintiff back in 2011 or now.

50.    Knowing of the prior misconduct, Defendants had a duty to protect employees from such conduct based on their own policies in their handbook.

51.    Defendants should have taken steps to guard against the misconduct that occurred in this matter.

52.    Defendants should have monitored BOTJER.

53.    Even after the assault as alleged herein, Defendant WAYNE COUNTY has not required additional monitoring of Defendant BOTJER.

54.    Defendant WAYNE COUNTY never trained Defendants not to bully, harass or assault co-workers and employees.

55.    Due to Defendants inadequate supervision, hiring, and training, Plaintiff was harmed by Defendant BOTJER.

56.    Defendant WAYNE COUNTY should have enforced their no harassment policy.

57.    Defendants were deliberately indifferent to the Plaintiff, which allowed the assault to occur.

**WHEREFORE**, Plaintiffs seek all remedies available pursuant to U.S.C. § 1983, including but not limited to an injunction ceasing harassing/retaliatory conduct, compensatory damages, punitive damages against Individual

Defendants only, attorney fees and costs, pre- and post- interest, delay damages and emotional distress, and any other relief that a jury finds fit.

**COUNT III**
**ASSAULT AND BATTERY**
**PLAINTIFF V. DEFENDANT BOTJER**

58.     Plaintiff, BRANNING, hereby incorporates by reference paragraphs one (1) through fifty-seven (57) above as if set forth herein at length.

59.     Defendant BOTJER violently and without provocation attacked Plaintiff and slapped him across the face.

60.     Plaintiff was innocently preparing for his day's work and did nothing to provoke Defendant BOTJER.

61.     Nonetheless, Defendant BOTJER approached Plaintiff and struck him violently with intent to cause bodily harm.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to state law, including but not limited to emotional distress, punitive damages, injunction against future acts, attorney fees and costs, pre- and post- interest, and delay damages.

## COUNT IV
### NEGLIGENT SUPERVISION/HIRING/TRAINING
### VIOLATION OF COMMON LAW
### PLAINTIFFS V. DEFENDANTS

62.     Paragraphs 1-61 above are incorporated herein by reference as if fully set forth herein at length.

63.     Defendants had a duty to protect Plaintiff from being abused by a public official and assaulted and were required to properly hire, train, and supervisor Defendant BOTJER.

64.     Defendants breached their duty when they failed to supervise Defendant BOTJER although they had knowledge of her propensity to engage in threatening, violent or tumultuous behavior based on prior misconduct.

65.     Defendants never trained Defendant BOTJER not to assault co-workers or other persons.

66.     Since Defendants knew about Defendant BOTJER's prior misconduct, they had a duty to prevent the assault.

67.     Defendants knew or should have known that allowing Defendant BOTJER to work unsupervised and untrained would result in her assaulting someone.

68.     Due to Defendants breaching their duty, the Plaintiff was assaulted.

**WHEREFORE**, Plaintiffs seek all remedies available pursuant to common law, including but not limited to an injunction ceasing harassing/retaliatory conduct, compensatory damages, punitive damages against Individual Defendants only, attorney fees and costs, pre- and post-interest, delay damages and emotional distress, and any other relief that a jury finds fit.

A jury trial is demanded on all claims.

By: <u>s/ Cynthia L. Pollick</u>
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com