The Employment Law Firm
Cynthia L. Pollick, LLM                                        Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY BRANNING | : | |
| | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| -v- | : | |
| | : | Judge Robert D. Mariani |
| WAYNE COUNTY, et al. | : | |
| | : | |
| Defendants | : | NO.  15-1936 |

### A.    Summary Statement of Facts

Plaintiff worked for Defendant Wayne County for nearly 14 years. On or about July 2, 2015, Plaintiff was slapped in the face by Defendant Vicky Botjer, for no reason.  This act was witnessed by others.  On a prior occasion, in or around 2011, Defendant Botjer attempted to assault Plaintiff, which he reported to the County Commissioners.

On or about July 10, 2015, Plaintiff reported the physical assault to the local police. Plaintiff also disclosed the official misconduct and abuse of power of Defendant Botjer to the County Commissioners.

Ever since reporting the official misconduct, abuse of power and criminal behavior, Plaintiff was subjected to a campaign of harassment in retaliation for engaging in free speech and petition. On or about July 13, 2015, Defendant Martin started watching Plaintiff yet prior to that date he had never engaged in such conduct. Defendant Martin would even peek through the blinds to watch Plaintiff. This surveillance was constant and done solely in retaliation for having blown the whistle on Botjer's criminal and official misconduct.

1

Besides the consistent surveillance, Plaintiff has been given uncommon work, menial tasks and his work productivity sabotaged. Instead of doing Plaintiff's usual task duties of heating, plumbing, air conditioning and electric problems, Plaintiff has been relinquished to painting piping and doing other tasks that he never had to do, such as moving furniture that was infested with bed bugs when normally other personnel would handle that task. Plaintiff was assigned to paint pipes in the pouring rain, yet before engaging in free speech he never was required to do the same. Defendants removed tools from Plaintiff's possession, so that he is not able to complete his tasks.

Defendant Martin continued his harassment to such an extent it occurred off the job.  Defendant Martin stalked Plaintiff's wife on Facebook and her friends. Defendant Martin tried to "friend" Plaintiff's wife and her friends to obtain information about Plaintiff's wife solely to harass Plaintiff. Defendants have instructed Plaintiff's co-workers and others not to speak to him.

This lawsuit was filed on October 5, 2015.  Plaintiff testified under oath in the criminal matter on October 23, 2015. On November 5, 2015, less than 11 days after testifying under oath, Plaintiff was fired.

## B.    **Legal Discussion**

## **First Amendment Retaliation**

"First Amendment's protections against retaliation are broad:  it insulates public …. not just from retaliatory discharge or emotion, but also "from even an act of retaliation as trivial as failing to hold a birthday party for a public employee when intended to punish her for exercising her [First Amendment] rights." *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 75 n.8, 111 L.Ed.2d 52, 110 S. Ct. 2729 (1990). . "The reporting of a crime to police officers 'constitutes an exercise of the First Amendment right to petition the government for the redress of grievances.' … When a crime victim reports that crime to a police officer, … he is engaging in constitutionally protected activity." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541 (S.D. Ind. 2011). It is well settled that the filing of a public lawsuit is a protected activity under First Amendment. *Sharif v. Manning*, 2013 WL 3754818, at *12 (M.D. Pa. July 11, 2013).

"Sworn testimony in judicial proceedings is a quintessential example of citizen speech for the simple reason that anyone who testifies in court bears an obligation, to the court and society at large, to tell the truth. That obligation is distinct and independent from any separate obligations a testifying public employee might have to his employer." *Lane v. Franks*, 134 S. Ct. 2369, 2373, 189 L. Ed. 2d 312 (2014). The citizen must show that the protected activity 'was a substantial factor in the alleged retaliatory action.'" *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Here, Plaintiff filed a police report, and almost immediately was subjected to constant surveillance and ordered to do menial job tasks. After testifying in the criminal matter, Plaintiff was fired in less than two weeks. Consequently, Plaintiff will be able to establish a First Amendment Retaliation claim.

### Battery

"A battery is an act done with the intent to cause a harmful or offensive contact with the body of another or an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that directly or indirectly results in the harmful or offensive contact with the body of another." *Pennsylvania Jury Instruction, 17.20 – Battery*. Here, Defendant Botjer admitted she unwantedly touched Plaintiff's face. Consequently, Plaintiff will be able to show that a battery occurred.

### C.    Plaintiff's Damages

Plaintiff suffered wage loss and emotional distress since he was terminated. Plaintiff seeks all damages allowable under Section 1983, including but not limited to compensatory damages, back pay, front pay, punitive damages, attorney fees, costs, and pre- and post-judgment interest. The Third Circuit does not require medical causation expert testimony for emotional distress. *Bolden v. Southeastern Pa. Transp. Auth.*, 21 F.3d 29 (3d Cir. 1994).

.

Respectfully Submitted,

By: /s/ Cynthia L. Pollick
Cynthia L. Pollick, Esquire, LLM
Attorney for Plaintiff
Pa. ID. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675


## CERTIFICATE OF SERVICE

Cynthia L Pollick, Esquire, hereby certifies that on April 26, 2018, she

served a copy of Plaintiff's Trial Brief by serving a copy via electronically on

Defendants:

Mr. Michael J. Donohue, Esquire
Dana M. Zlotucha, Esquire
A. James Hailstone, Esquire
Kreder Brooks Hailstone LLP
220 Penn Avenue, Suite 200
Scranton, PA 18503

s/ Cynthia L. Pollick
Cynthia L Pollick, Esquire