# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BRANNING, | : |
| Plaintiff, | : |
| v. | : 3:15-CV-1936 |
| | : (JUDGE MARIANI) |
| WAYNE COUNTY, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

This is a § 1983 employment action involving First Amendment retaliation claims against numerous Defendants, as well as a pendant state law claim for assault and battery against Defendant Botjer for allegedly slapping Plaintiff in the face during a workplace conversation. Doc. 11. Presently before the Court is a motion to take the video deposition of a witness before trial. Doc. 66. Plaintiff avers that Robert Pickney, who has been deposed during discovery, will be unavailable during the scheduled trial time due to prearranged travel plans abroad. Plaintiff therefore requests an opportunity to take a video deposition of Mr. Pickney before he leaves for his trip, presumably for the purpose of introducing the video recording as trial testimony. Defendants oppose the motion, arguing that Plaintiff has already had an opportunity to depose Mr. Pickney, and that Plaintiff has not made a substantive showing as to Mr. Pickney's unavailability for trial. Doc. 70. For reasons set forth below, Plaintiff's motion will be granted.

## II. ANALYSIS

A trial in this case is scheduled to begin on May 8, 2018. On April 19, 2018, Plaintiff filed the motion to take the video deposition of Robert Pickney, stating that while he was subpoenaed for this trial, he will be unavailable due to a missionary trip. Doc. 66. Defendants opposed the motion on several grounds. Doc. 70. First, Defendants argue that "[i]f Plaintiff does seek to use Mr. Pickney's deposition at trial, he must file a motion for the use of the deposition," which Plaintiff has not yet done. Doc. 70 at 3. Fed. R. Civ. P. 32, which governs the use of depositions in court proceedings, outlines the various bases for witness unavailability:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
> (A) that the witness is dead;
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; *or*
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4) (emphasis added). Defendants fixate on subsection (E) of the Rule and argue that Plaintiff "[i]f Plaintiff does seek to use Mr. Pickney's deposition at trial, he must, through a motion, convince the court that Mr. Pickney is in fact unavailable for trial and

2

that 'exceptional circumstances make it desirable...to permit the deposition to be used.'" Doc. 70 at 5 (quoting Fed. R. Civ. P. 32(a)(4)(E)). This is a clear misinterpretation of the Rule. The conjunction "or" joins the five subparts of the provision, the satisfaction of any one of which may be sufficient to permit use of depositions during trial. Thus, it is not necessary, as Defendants argue, for Plaintiff to file another motion demonstrating that "exceptional circumstances" warrant the use of Mr. Pickney's video deposition during trial. In this case, it is evident that that Plaintiff is moving under subsection (B) of the relevant provision, which provides that the Court may find a witness to be unavailable if he is more than 100 miles from the place of trial. Fed. R. Civ. P. 32(a)(4)(B).

Second, Defendants argue that Plaintiff "must also provide evidence that Robert Pickney is in fact unavailable for trial." Doc. 70 at 3. Defendants' point is well taken. In order for the Court to make the requisite findings under Fed. R. Civ. P. 32, Plaintiff should furnish some evidence as to Mr. Pickney's unavailability. However, Plaintiff has since filed—albeit belatedly and only upon an Order from the Court—an affidavit by Mr. Pickney stating that during the time of trial, he will be on a missionary trip in Honduras. Doc. 78 at 1. The affidavit also attaches Mr. Pickney's flight confirmation and other travel information. *Id.* at 3-7. Based on Plaintiff's filings and the Pickney affidavit, it appears that Mr. Pickney will be "more than 100 miles from the place of hearing or trial or is outside the United States" during trial time. Fed. R. Civ. P. 32(a)(4)(B). Furthermore, it does not appear to the Court, nor has any party suggested, that his "absence was procured by the party offering the deposition." *Id.* Thus, the

3

Court finds that use of Mr. Pickney's deposition at trial may be permitted under Fed. R. Civ. P. 32.

Finally, Defendants argue that because Mr. Pickney has been deposed before, Plaintiff may read the deposition transcript into the record during the trial, and that Plaintiff should not be given a second bite at the apple by having another opportunity to depose Mr. Pickney. Doc. 70 at 4-5. The Court is sympathetic to Defendants' argument, especially given the fact that all parties have been given advanced notice of the trial schedule, and thus had more than enough time to secure the attendance of important witnesses or make necessary alternative arrangements. This eleventh hour motion to take Mr. Pickney's video deposition demonstrates, at the very least, poor planning on the part of the Plaintiff, if not evidence of an underhanded litigation tactic.

However, the Court will not allow Plaintiff counsel's conduct to taint or penalize the Plaintiff's case in chief. Courts have often found a distinction between the purpose and scope of discovery depositions and that of trial depositions; to require the parties to rest on Mr. Pickney's discovery deposition as trial testimony may result in disadvantages to both parties. *See, e.g., Teva Pharmaceuticals, USA, Inc. v. Abbott Labs.*, 2008 WL 4809116, at *1 (D. Del. Nov. 5, 2008) ("Discovery depositions are different from trial depositions; i .e., the scope of relevance is very broad during discovery and, therefore, discovery depositions might be prejudicial if allowed at trial."). In the case where a witness will be unavailable for trial, courts have routinely allowed a "preservation" deposition to take place, even if the witness has been deposed before during discovery. *See, e.g., Coface Collections N. Am., Inc. v. Newton*, 2012

WL 6738391, at *1 (D. Del. Dec. 28, 2012) ("While the Federal Rules of Civil Procedure make no distinction between depositions taken for discovery and depositions taken for trial purposes, see Fed. R. Civ. Proc. 32, many courts have recognized such a distinction and held that the latter (i.e., *de bene esse* depositions, 'preservation depositions,' or 'trial depositions') may be taken after the close of discovery.... Factors to be considered in granting a *de bene esse* deposition after the close of discovery [include]: the unavailability of the witness to appear at trial...") (collecting cases); *Kyeame v. Buchheit*, 2011 WL 4949220, at *2 (M.D. Pa. Oct. 18, 2011) (denying motion in limine and allowing use of video deposition since "Dr. Gholamain resides outside of the United States, and Plaintiff did not deliberately arrange her absence...Plaintiff shall be permitted to present the video deposition testimony of Dr. Gholamain at trial").

In sum, no parties dispute that Mr. Pickney will be unavailable to testify during trial – the only issue before the Court is how the case should proceed given his unavailability. As the parties' briefs indicate, the only available options would be to permit Mr. Pickney's discovery deposition transcript to be read into the record, or to allow a videotaped trial deposition to be shown to the jury. While the former is an acceptable method of introducing trial testimony, it would be far less preferable to a video deposition, where the jury may assess the witness's credibility based on his demeanor, expressions, and response time. Accordingly, the Court finds that a videotaped trial deposition would be the most suitable alternative to trial testimony. *See Estate of Spear v. Commissioner of Internal Revenue Serv.*, 41 F. 3d 103, 116 (3d Cir. 1994) ("Although live testimony is generally preferable to videotaped testimony, the absence of

such testimony, even from a key witness, is only minimally prejudicial when that witness is adverse *and when there is a videotaped deposition that can be introduced in lieu of live testimony.* That videotaped deposition testimony is a staple of modern case management in federal courts is too well established to require citation.") (emphasis added).

The Court's decision is informed by the critical nature of Mr. Pickney's potential testimony. *See* Doc. 68 (transcript of Mr. Pickney's discovery deposition). The deposition transcript reveals that Pickney may have firsthand knowledge of Defendants' harassment of Plaintiff after Plaintiff filed a report against Defendant Botjer. *Id.* at 3-5. Pickney also testified that during Defendant Wayne County's investigation of Plaintiff's assault allegations against Defendant Botjer, another employee allegedly told him "you had to be very careful as to what you said [in the investigation] if you want to remain a County employee," to which Pickney replied: "are you willing to perjure yourself for the County's benefit as opposed to telling the truth if you did witness the alleged allegation about [Plaintiff] being struck by Chief Clerk Vicky Botjer?" *Id.* at 3. Thus, Pickney's testimony appears to be highly relevant to Plaintiff's retaliation claims, which would militate toward permitting use of a video deposition for trial. Given the relevance of Mr. Pickney's testimony, and his affidavit averring that he will be more than 100 miles from Court during the trial period, Plaintiff shall be permitted to take a video deposition of Mr. Pickney and present that deposition at trial.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Permission to Take Video Deposition of Robert Pickney (Doc. 66) will be granted.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge