# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TROY BRANNING, :
:
      Plaintiff, :
:
v. : 3:15-CV-1936
: (JUDGE MARIANI)
WAYNE COUNTY, et al., :
:
      Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION

This is a § 1983 employment action involving First Amendment retaliation claims against Wayne County and numerous individual Defendants, as well as a claim for assault and battery against Defendant Botjer. Doc. 11. Presently before the Court are three motions in limine by Defendants to preclude (1) testimony related to Botjer's family members' employment (Doc. 40); (2) evidence of lost future earnings (Doc. 42); and (3) evidence related to other employees of Wayne County (Doc. 44). Also before the Court are three motions in limine by Plaintiff to preclude (1) evidence related to plaintiff's work performance from 2011-2013 (Doc. 46); (2) evidence relating to a summary offense result (Doc. 48); and (3) evidence related to plaintiff's alcohol rehabilitation (Doc. 50).

### II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v.*

*Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted... [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the

putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. Discussion

### 1. Defendants' Motion in Limine to Preclude Evidence of Defendant Botjer's Family Members' Employment (Doc. 40)

Defendants argue that evidence relating to Defendant Vicky Botjer's daughter and husband, both of whom work for Defendant Wayne County, are irrelevant to Plaintiff's claims. Plaintiff counters that such evidence may show possible "nepotism" at Wayne County, which would be relevant to his retaliation claim. Doc. 53 at 3. Specifically, Plaintiff claims that in retaliation for his First Amendment conduct, Defendant Botjer took away Plaintiff's work tasks and re-assigned them to her husband, and that "preferential treatment of [Botjer's] daughter in not being disciplined for engaging in misconduct is again evidence that Plaintiff was singled out" for discipline in retaliation for his actions in filing a report against Botjer. *Id.* at 4. Plaintiff also points to the fact that Botjer's husband is mentioned in the Amended Complaint. *See* Doc. 11 ¶ 34 ("Also, Plaintiff has been removed from performing electrical work on the Storebridge project; and in turn, Defendant Botjer's husband has been performing the work."). In a reply brief, Defendants argue that Plaintiff's retaliation claim stems solely from the police report he filed, and have no bearing on employees who "[worked] for the County after Plaintiff was no longer employed." Doc. 62 at 3.

At this stage, it is unclear to the Court what the evidence relating to Botjer's family members may demonstrate. The Court also declines to adopt Defendants' narrow view of the scope of trial—while it is true that Plaintiff's police report may have *initiated* the alleged retaliation, the limits of relevant evidence do not end there. The factfinder is entitled to hear evidence of *how* Defendants may have retaliated in response to the police report would be relevant to Plaintiff's claim. The Court cannot make a final determination as to the relevance of such evidence at this time, especially since it is unclear when Botjer allegedly reassigned Plaintiff's tasks to her husband, whether Botjer was aware of Plaintiff's First Amendment conduct prior to such reassignment, or whether Botjer's daughter was similarly situated as Plaintiff, i.e. working similar tasks as Plaintiff in a comparable department at Wayne County.

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." FED. R. EVID. 402. Without the benefit of knowing what the evidence will show at trial, the Court cannot say that Plaintiff will be unable to meet the low bar of relevancy. The Court will decline to make a relevancy determination at this time. *See Walden,* 126 F.3d at 518 n.10 (observing that a decision on a challenge to the relevancy of evidence is often best reserved for trial).

4

Finally, Defendants also mention in passing that Plaintiff Exhibit 14 is "objectionable as offering no probative value, being designed to harass and embarrass, and would result in unfair prejudice, confusion of the issues, and mislead the jury." Doc. 62 at 4. However, neither party attached the photo nor explained what the photo purportedly shows in their briefs. The exhibit is simply labeled as "Photo" in Plaintiff's pretrial memorandum. Doc. 64-1 at 1. Thus, the Court cannot make a relevancy determination as to the photo at this time.

For reasons stated above, the Court will defer ruling on Defendants' motion to preclude evidence relating to Defendant Botjer's family members' employment and Plaintiff's exhibit 14. Defendants may raise this objection at the appropriate time at trial. Failure to raise the objection, should the evidence adduced at trial warrant it, will be deemed a waiver of the objections found within this motion.

### 2. Defendants' Motion in Limine to Preclude Evidence of Future Lost Wages (Doc. 42)

Defendants argue that any evidence of front pay should be excluded "because Plaintiff has not presented any evidence in support thereof," including the failure to introduce any expert testimony on the subject. Plaintiff counters that he is seeking reinstatement, but is prepared to argue for front pay "if for some reason the Court determines reinstatement is not feasible." Doc. 52 at 2. He also states that he is willing to testify as to his yearly salary at trial, and that his W2 has been turned over in discovery. *Id.*

Since Plaintiff is willing to testify as to his annual salary and his W2 forms have been produced, Defendants' argument that front pay would be too "speculative" without expert

testimony is inapposite. The jury does not require the benefit of an expert to calculate future earnings based on past salaries and benefits. *See Shesko v. City of Coatesville*, 324 F. Supp. 2d 643, 651 (E.D. Pa. 2004) (affirming jury's award of front pay and noting that the court "do[es] not believe the absence of expert testimony renders the front pay award improper" when "[t]he Plaintiff testified as to her earnings for the years 2000–2003 and her projected earnings for 2004–2009" and there were other witnesses' testimony regarding similar employees' earnings.); *Cole v. Delaware Tech. & Cmty. Coll.*, 459 F. Supp. 2d 296, 310 (D. Del. 2006) (" A jury can reasonably calculate front pay, based on evidence of past earnings, and can reduce the award to present value without expert testimony.").

Additionally, the Court is compelled to point out the Defendants' gross mischaracterization of *Maxfield v. Sinclair Int'l*, 766 F.2d 788 (3d Cir. 1985), a case Defendants cited for the proposition that "expert testimony is required to establish projected earnings and reduce those earnings to present value." Doc. 43 at 3. In fact, the Plaintiff in *Maxfield*, as the Plaintiff here, "based his request for front pay only upon his former earnings history." *Maxfield*, 766 F.2d at 797. The Third Circuit found that "[t]here were no projections in earnings for which expert testimony was required. Nor do we believe that expert testimony was needed to reduce the damage award to present value." *Id.* Thus, if anything, *Maxfield* stands for the opposite proposition than the one Defendants are attempting to argue. Contrary to Defendants' wholesale distortion of the case law, simple calculations of front pay based on past earnings history do not require the use of experts.

For reasons stated above, the motion to preclude evidence of future earnings is denied. The Plaintiff may present evidence on his past earnings history subject to the establishment of proper foundation evidence for the offered testimony.

### 3. Defendants' Motion in Limine to Preclude Evidence Concerning Other Employees (Doc. 44)

Defendants believe that Plaintiff may introduce evidence of other employees who were disciplined or fired at Wayne County, which Defendants argue is speculative and irrelevant to Plaintiff's retaliation claims, since "Plaintiff has not alleged he was treated any differently from any other employee, [i]nstead, Plaintiff's termination was based on a long history of poor work performance and disciplinary problems." Doc. 45 at 4. Plaintiff oppose the motion, arguing that the question cannot be resolve before trial and quoting this Court's ruling in a motion in limine in *Konsavage v. Mondelez Glob. LLC*, 2018 WL 1158249 (M.D. Pa. Mar. 5, 2018), where the Court stated that "'[t]he question whether evidence of discrimination by other supervisors is relevant in an [employment] case...depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." Doc. 56 at 3 (quoting *Konsavage*, 2018 WL 1158249, at *2).

The Court finds that deferral would be appropriate at this time. Defendants are, of course, free to argue their theory of the reason Plaintiff was terminated at trial, which Plaintiff is free to rebut. Again, Federal Rule of Evidence 401 and 402 provides a low bar for relevance. In a retaliation claim, evidence of similarly situated employees that are treated differently than Plaintiff would certainly be relevant. However, the Court is without

7

the benefit of evidence as to who these employees are, whether they engaged in similar tasks or conduct as Plaintiff, or how they were treated by Wayne County. Thus, the Court cannot unilaterally resolve the relevancy issue at this time.

The Court notes for the benefit of the parties that evidence relating to other employees would only be relevant if they are similarly situated as Plaintiff, that is to say, similar both with respect to the conduct engaged in by Plaintiff and with respect to the reasons for the County's treatment of such employees. *McCullers v. Napolitano*, 427 F. App'x 190, 195 (3d Cir. 2011) ("Context matters in assessing the factors relevant to the inquiry of whether two employees are similarly situated. In this particular context—workplace disciplinary and/or personnel actions—relevant factors include a 'showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'") (internal citation omitted).

For reasons stated above, the Court will defer ruling on Defendants' motion in limine to preclude the evidence relating to other employees. Defendants may raise this objection at the appropriate time at trial. Failure to raise the objection, should the evidence adduced at trial warrant it, will be deemed a waiver of the objections found within this motion.

### 4. Plaintiff's Motion in Limine to Preclude related to plaintiff's performance from 2011-2013 (Doc. 46)

Plaintiff surmises that at trial, "Defendant[s] will impugn Plaintiff's work history based on documents from 2011 and 2013, which have no relation to Plaintiff being terminated in 2015" because it is remote in time and would assail his character. Doc. 47 at 3. Defendants argue that Plaintiff's "multiple incidents of absenteeism and dereliction of duty [are] relevant to establish that Wayne County had a valid reason for terminating him." Doc. 60 at 5. Defendants also point out that the alleged assault claim against Defendant Botjer, which caused Plaintiff to file a report, "is alleged to have happened some time in 2011 or 2012," which is the same time period of work performance evidence that Plaintiff is seeking to exclude.

In support of his argument, Plaintiff cites *Slippery Rock Univ. of Pennsylvania*, 2008 WL 166903 (W.D. Pa. Jan. 16, 2008). However, the facts of that case are not analogous to the one at hand. In *Slippery Rock*, the Defendants wished to introduce evidence of head lice "to show Plaintiff's lack of professionalism." *Id.* at *2. The court there rejected the Defendants' argument: "I do not find a single incident that occurred two years prior to be relevant to Plaintiff's claims of discrimination or tend to show her hygiene, professionalism, or conduct on the dates at issue." *Id.* Thus, *Slippery Rock* held that a single, remote incident of head lice has little bearing on a person's overall hygiene—and even less on a person's work performance. In this case however, the core of Defendants' defense of the retaliation claim appears to be that Plaintiff was terminated due to his poor attendance and

work performance, and that his First Amendment conduct was pretextual. Thus, evidence of Plaintiff's work history is significantly more relevant in this case than the facts of *Slippery Rock*.

For reasons stated above, the motion to preclude evidence of Plaintiff's work history will be denied. However, evidence that may otherwise contravene the Federal Rules of Evidence shall be subject to objections raised at the appropriate time.

### 5. Defendants' Motion in Limine to Preclude Summary Offense Result (Doc. 48).

Plaintiff moves to preclude evidence of the outcome of the criminal proceeding underlying his claims in this case. In the Amended Complaint, Plaintiff alleges that Defendant Botjer slapped him during a workplace incident, which prompted him to file a report with the local police, and it is his reporting of Botjer that led to the Defendants' retaliation in this case. *See* Doc. 11 *generally*. In the motion in limine, Plaintiff states that "[o]n October 23, 2015, a hearing over the summary offense of assault against Vicky Botjer was held[, and t]he judge ruled in her favor." Doc. 49 at 1. Plaintiff argues that "judgments of acquittal in criminal trials are not admissible as evidence of the fact that a [party] in a civil action did not cause the loss." *Id.* at 2 (quoting *Shoup v. Mannino*, 188 Pa. Super. 457, 460, 149 A.2d 678, 680 (1959)).

Defendants oppose the motion, arguing that the cases cited by Plaintiff are outdated, and that more recently, "the Middle District Court has indicated that the adjudication of a summary offense is admissible where the parties in both the criminal proceeding and the

civil proceeding are the same." Doc. 58 at 4 (citing *Dombrosky v. Stewart*, 2012 WL 3686779 at *10 (M.D. Pa. Aug 27, 2012)). Defendants also argue that part of their defense is "that the criminal complaint was filed because Mr. Branning was aware of his poor work performance and impending termination. In fact, Mr. Branning had been warned by his supervisor, Skip Martin, only one day before the alleged incident with Botjer that Branning's job was at risk due to poor performance." *Id.* at 5. Thus, Defendants contend that Plaintiff's protected activity was "a pre-textual attempt to prevent his impending termination," and that exclusion of Botjer's acquittal in the criminal matter will unduly prejudice this defense. *Id.* Defendants argue that a limiting instruction to the jury "to only view the evidence of the acquittal as it reflects on Mr. Branning's First Amendment claims" would be sufficient. *Id.*

In his reply brief, Plaintiff argues that any introduction of the acquittal would be "misleading, confusing, and unduly prejudicial...since the jury will assume [Defendant Botjer] is not responsible for her concession that she unwantedly touched Plaintiff in the face." It is unclear from Plaintiff's brief what concession Botjer made in the underlying criminal matter. However, that fact is not pertinent to the Court's analysis on this motion, as the general principle in this Circuit is to preclude evidence of criminal acquittals in a civil case, because the fact that the prosecution has not met the higher burden of proving guilt beyond a reasonable doubt does not mean that a civil party may not meet the substantially lower burden of proving liability by a preponderance of the evidence.

Defendants' citation to *Dombrosky* is misplaced. That case involved a plaintiff who "was actually adjudicated guilty as to the summary traffic offenses." *Id.* In the case of a guilty adjudication such as *Dombrosky*, the prosecution had actually met the highest burden of proof required in the judicial system, namely, proving guilt beyond a reasonable doubt. It therefore logically follows that in such a case, the proof underlying the criminal conviction would surmount the preponderance of the evidence standard.

In *Bounds v. Taylor*, 77 F. App'x 99 (3d Cir. 2003), a case not cited by either party, the Third Circuit opined on the general principle that acquittals are not admissible in civil trials. In *Bounds*, a correctional officer faced civil allegations of "having used excessive force during the riot suppression that was the root of the First Amendment retaliation claim." *Id.* at 107. The officer faced criminal charges on the same facts, but was later acquitted. *Id.* The officer "sought to use his acquittal in the criminal proceedings to rebut the testimony against [him] in the instant civil appeal." *Id.* The Third Circuit held that:

> evidence of an acquittal from a criminal proceeding is inadmissible in a civil proceeding unless used in 'limited occasions when otherwise inadmissible testimony may be admitted as rebuttal'...
>
> The rationale for excluding such a dismissal or acquittal from evidence in a civil trial is obvious. While a conviction can be considered a judicial determination of guilt, a dismissal, acquittal, or failure to prosecute may simply reflect an inability to meet the requisite burden of proof. The danger that a jury will accept a non-conviction as determinative outweighs any probative value that such evidence may hold.

*Id.* (internal citations omitted). *See also, Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 147 (3d Cir. 2002) ("[E]vidence of non-arrest, like evidence of nonprosecution or acquittal of a crime, is generally inadmissible in a civil trial concerning the same incident.").

While the criminal matter at issue in this case involved a summary offense, not a full criminal trial, the same reasoning would apply here. As *Bounds* explained, "the danger that the jury will accept a non-conviction as determinative outweighs any probative value that such evidence may hold." *Id.* In the absence of a conviction, there is a significant risk that the jury may place too much weight on an acquittal or why certain charges did not proceed to trial. Furthermore, the relevant value of the acquittal would be substantially outweighed by a danger of unfair prejudice and confusion for the jury, specifically, forcing the jury to speculate as to the wide array of possible reasons that may have led to the acquittal.

The motion will be granted to the extent that the parties shall be precluded from referencing the *outcome* of the criminal matter, as it has little relevance to the claims at issue and present a risk of unfair prejudice. The Court's ruling is without prejudice to the parties' ability to reference the factual background and procedural history of the criminal matter in order to provide context for Plaintiff's retaliation claims or to raise defenses to those claims. However, the Court notes that should Plaintiff "open the door" by falsely suggesting, either expressly or by reasonable implication, that the resolution of the criminal matter resulted in a conviction, Defendants shall be able to introduce evidence of the acquittal for rebuttal or impeachment purposes.

### 6. Plaintiff's Motion in Limine to Preclude Testimony Related to Plaintiff's Alcohol Rehabilitation. (Doc. 50).

Plaintiff moves to preclude evidence that he "entered and completed an alcohol rehabilitation program and was absent from work." Doc. 51 at 3. Plaintiff avers that his absence "was covered under the Family Medical Leave Act and he was not disciplined for such absence." *Id.* Plaintiff argues that any introduction of such evidence constitutes impermissible "character" evidence and is irrelevant to his claims. *Id.* Defendants respond that they "would not use the struggles of Plaintiff with addiction as a way to impugn his reputation" and that they "applaud Mr. Branning's decision to seek help for his addiction." Doc. 59 at 4. However, they state that the evidence would "demonstrate [plaintiff's] state of mind around the time he was fired....[and t]estimony will also be introduced that after his return [from his alcohol rehabilitation program,] his demeanor and work performance continued to decline." *Id.*

Despite Defendants' contention otherwise, their proffered reasons for introducing this subject matter suggests that they indeed intend to draw a connection between Plaintiff's alcohol use and his poor work performance. However, evidence of a single stint in a rehabilitation program—especially one that the employer permitted the employee to attend—has little relation to an employee's work performance. As the court explained in an analogous case, alcohol consumption has little bearing on a Plaintiff's retaliation claim if Defendants have made no connection between the Plaintiff's alcohol use and the basis for his firing:

14

> Mr. Domenico's alcohol consumption has no tendency to prove or disprove any material fact in his Title VII retaliation or PHRA claim. Nor does it speak to any of the issues supporting the defendants' defenses to his claim. Nowhere in the record have the defendants alleged that Mr. Domenico's alcohol consumption was the basis of his firing or that is was an issue while working at Colonial. As fully explained above, Mr. Domenico's character traits not related to his employment with Colonial are not relevant...Accordingly, Mr. Domenico's motion [in limine] is granted."

*Domenico v. Colonial Used Auto Sales Inc.*, 2016 WL 5462029, at *9 (M.D. Pa. Sept. 29, 2016). *Domenico's* reasoning applies with equal force in this case, where Defendants have made no claim that Plaintiff's alcohol use was in any way a factor in his termination, nor have Defendants pointed to any part of the record to suggest such a possibility.

Defendants also argue that "Plaintiff's history of alcohol abuse is relevant in determining earning capacity and life expectancy," and that the Court may issue limiting instructions to the jury that the evidence is only to be considered on the issue of damages. Doc. 59 at 4. Defendants cite *Fife v. Bailey*, 2016 WL 1404202 (M.D. Pa. Apr. 11, 2016), where evidence of plaintiff's alcohol abuse was permitted to show plaintiff's earnings capacity, subject to "a limiting instruction that the evidence may only be used for the purpose of damages, specifically for its relevance to the plaintiff's earnings capacity and life expectancy." *Id.* at *3. In this case however, Defendants have not pointed to anything in the record to suggest that Plaintiff's alcohol use is so chronic and substantial that it would have any bearing on his future earning capacity. In fact, Defendants do not even attempt to make a proffer that would tie Plaintiff's prior participation in an alcohol rehabilitation program to his future earning capacity. In light of the tenuous nature of these arguments from

15

Defendants, the Court finds that evidence of Plaintiff's alcohol rehabilitation to be irrelevant and unfairly prejudicial.

For reasons stated above, the motion to preclude evidence relating to Plaintiff's participation of an alcohol rehabilitation program is granted.

## VI. CONCLUSION

For the forgoing reasons, Defendants' motions in limine (Docs. 40, 42, 44) and Plaintiff's motions in limine (Docs. 46, 48, 50) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge